**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCIS W. DAVIS, | No. 09-17231 |
| Plaintiff - Appellant, | D.C. No. 1:06-cv-01062-AWI-GSA |
| v. | |
| PETERSON, Correctional Officer, California Department of Corrections; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief Judge, Presiding

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

California state prisoner Francis W. Davis appeals pro se from the district

court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

retaliation and violations of his equal protection and due process rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment, *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003), and a dismissal for failure to state a claim, *Douglas v. Noelle*, 567 F.3d 1103, 1106 (9th Cir. 2009). We may affirm on any basis supported by the record. *Forest Guardians v. U.S. Forest Serv.*, 329 F.3d 1089, 1097 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment on Davis's retaliation claims because he did not raise a genuine issue of material fact as to whether the defendants' actions were based on a retaliatory motive and not a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (indicating that an essential element to a First Amendment retaliation claim is not satisfied when there is a legitimate correctional goal for the action taken).

The district court properly granted summary judgment on Davis's equal protection claims because he did not raise a genuine issue of material fact as to whether he was intentionally treated differently from similarly situated inmates. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

Dismissal of the due process claims was proper because Davis had no protected interest in avoiding either confinement to his cell for several hours or the

destruction of two sculptures made of state-issued items. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).

The district court did not abuse its discretion by denying Davis's requests for appointment of counsel because Davis failed to demonstrate exceptional circumstances warranting appointment of counsel. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Davis's remaining contentions are unpersuasive.

Davis's motion for injunctive relief is denied without prejudice.

**AFFIRMED.**

3                                                                        09-17231